UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RYAN SAWYER,                                CASE NO. 3:02CR00092(PCD)

    Petitioner:

v.


UNITED STATES OF AMERICA,

    Respondent:

RULE 60(b) MOTION CHALLENGING SENTENCING PROCEDURES
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE

COMES NOW, the instant Petitioner and herein raises a "plain error" challenge to the sentencing court's procedure by which it imposed a sentence upon him, albeit that was agreed upon by all parties pursuant to a "binding" plea bargaining agreement of 120 months imprisonment, et cetera. In support of the Petitioner states as follows:

(1). Title 18, U.S.C. §§ 922(j) & 924(a)(1) respectively calls for a sentence of imprisonment(s) as follows:

    (a). '... not more than 10 years...'

    (b). "... not more than five years ..."

(2). Thus, for the charged offenses as stated above the Petitioner actually received the maximum sentence possible under the formerly mandatory and binding United States Federal Sentencing Guidelines whereas the statute[s] themselves carried far less time as authorized by law.

(3). Petitioner relies upon the recently decided Supreme Court's decision in **Gonzalez v. Crosby**, **U.S., No. 04-6432, 6/23/05** ("...if the motion merely challenges the integrity of the proceedings in the district court, it should be treated the same as it would be in any civil case...")

## Guideline vs. Statutory Analysis

Petitioner was arrested, charged, and after the entry of a plea bargaining agreement, was deemed duly convicted of the following offense conduct:

a). **Title 18 United States Code, Section 922(j) & 924(a)(1).**
§ 922(j) reads as follows:

> 'It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm was stolen."
>
> (2). "Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both."

§ 924(a)(1) reads as follows:

> 'Except as otherwise provided in this subsection, subsection (b), (c), or (f) of this section, or in section 929, whoever -
>
> (D). willfully violates any other provision of this chapter, shall be fined under this title, imprisoned not more than five years, or both."

In essence the Government has fully and completely lived up to the terms of the proffered plea agreement, although the Petitioner is "exposed" to a further period of imprisonment upon any violation of his supervised release period of 3 years to potentially 3 years imprisonment, et cetera.

### United States Federal Sentencing Guidelines
### Adjusted Level(s)

The Federal Sentencing Law Before **Booker/Fanfan:** Since the date of November 1, 1987, sentences in federal criminal cases

have been [primarily] determined pursuant to The Sentencing Reform Act of 1984 ("SRA"), Pub. L. 98-473, Title II, §§ 211-238, 98 Stat. 1987 (1984), and the Guidelines issued by the United States Sentencing Commission, see U.S.S.G. §§ 1A1.1-8F1.1. This was the formerly mandatory and binding sentencing regime under which the instant Petitioner was sentenced on the date of December 30, 2002.

## The Booker/Fanfan Opinions

The Supreme Court's decision in **Booker/Fanfan** significantly altered the sentencing regime that has existed since the Guidelines became effective on November 1, 1987. The Court's two-part decision consists of an opinion by Justice Stevens adjudicating the merits of the Sixth Amendment issue ("**Substantive Opinion**"), and an opinion by Justice Breyer setting forth the remedy ("**Remedy Opinion**").

### A. Substantive Opinion

**Booker/Fanfan** was the culmination of a series of decisions explicating the requirements of the Sixth Amendment in the context of sentencing. See, In re Winship, 397 U.S. 358, 25 L.Ed.2d 368, 90 S.Ct. 1068 (1970); Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and see also Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).

## Statutory Penalties
## & Potential Terms of Imprisonment

Petitioner herein, does not in any way, shape, or form enter a challenge to the merits of his conviction. However, the instant Petitioner does wish to enter a challenge to the **"integrity"** of the proceedings in the district court, whereby he was subjected to the imposition of a sentence under the then "mandatory and binding United States Federal Sentencing Guidelines" under which the sentencing judge had no discretion to depart. To wit, under the actual statutes involved the instant Petitioner could have received based upon the facts of the case itself as little as two-years imprisonment, rather than the maximum sentence he did receive of twn-years (e.g., 120 months imprisonment):

**Title 18, United States Code, Section 922(j)**, actually carries a mandatory minimum sentence of one-year under this particular statute, and a maximum statutory penalty of 10 years imprisonment. **Title 18, United States Code, Section 924(a)(1)**, subsection (b) actually carries a mandatory minimum sentence of one-year under this particular statute, and a maximum statutory penalty of five-years imprisonment.

Therefore, under the form sentencing regime's mandatory and binding nature, the instant Petitioner was never afforded the "benefit of the doubt" that would have been available had the sentencing judge's hands not been tied by the then mandatory provisions of the United States Federal Sentencing Guidelines.

Pursuant to the recent decision by the Supreme Court in the case of **United States v. Booker**, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and **Blakely v. Washington**, 542 U.S. 296,

124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) the instant Petitioner asserts that the district court's sentencing judge made various factual findings which the court then used to enhance his sentence, thus implicating the petitioner's Fifth Amendment's due process rights and his Sixth Amendment right to a jury trial's proof and determination under the "beyond a reasonable doubt standard" rather than the "preponderance of the evidence standard" that was utilized by the sentencing judge in the challenged proceedings.

**WHEREFORE,** the instant Petitioner asserts herein in his challenge to the integrity of the complained of proceedings, that the district court judge violated the Sixth Amendment by making factual findings by a "preponderance of the evidence standard" and manditorily enhancing his sentence above the [mandatory] minimum range applicable to facts ... admitted by the Petitioner himself. Since the Petitioner was constitutionally entitled to have these factual findings made by a jury under the "beyond a reasonable doubt standard" rather than a lone employee of the state, Petitioner should be resentenced under the now "advisory" United States Sentencing Guidelines/Title 18 U.S.C. § 922(j) & § 924(a)(1) (which is non-advisory, and carries the minimum sentence(s) of one-year each).

Dated: August 26, 2005

RYAN SAWYER
Pro-Se Litigant
Reg. No. 14626-014
USP-Lewisburg
P. O. Box 1000
LEWISBURG, PA 17837

Mr. James I. Glasser, Esquire