UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RYAN SAWYER, | : | CASE NO. 3:02 CR00092 (PCD) |
|     Petitioner, | : | October 21, 2005 |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | |

GOVERNMENT'S RESPONSE TO PETITIONER'S
"RULE 60(b) MOTION CHALLENGING SENTENCING PROCEDURES"

**Preliminary Statement**

The Government submits this response to defendant-petitioner Ryan Sawyer's motion pursuant to Rule 60 (b), Fed. R. Civ. P., challenging sentencing procedures. The defendant was sentenced to 120 months imprisonment after pleading guilty to a one count information which charged him with knowing possession of a stolen firearm transported in interstate commerce in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The defendant did not appeal his conviction or the sentence imposed, and in fact waived his right to appeal or collaterally attack his conviction and sentence in a binding plea agreement entered into on September 10, 2002. Despite the binding plea agreement and the waiver of the right to appeal and/or collaterally attack his sentence, the defendant nevertheless moves for reconsideration of his sentence. For the reasons demonstrated below, defendant's motion should be denied.

**Procedural History**

The defendant was arrested in Norwalk, Connecticut on November 9, 2001, and indicted on April 2, 2002, and charged with one count of possession of a firearm by a convicted felon, in

violation of 18 U.S.C. § 922(g)(1). Specifically, Count One of the Indictment charged:

> On or about November 9, 2001, at Norwalk, Connecticut, RYAN SAWYER the defendant herein, having been convicted in the Superior Court of the State of Connecticut of a crime punishable by imprisonment for a term exceeding one year, that is: 1) Assault in the First Degree, in violation of Connecticut General Statute § 53a-59, on September 24, 1990; 2) Weapon in a Motor Vehicle, in violation of Connecticut General Statute § 29-38, on September 30, 1992; 3) Sale of Narcotics, in violation of Connecticut General Statute § 21a-277a, on September 30, 1992; 4) Larceny in the First Degree, in violation of Connecticut General Statute § 53a-122, on July 2, 1996; and, 5) Robbery in the First Degree, in violation of Connecticut General Statute § 53a-134, on July 2, 1996, did knowingly possess a firearm in and affecting commerce, that is, a loaded Ruger 9 millimeter semi-automatic pistol, Serial No. 306-13253, which had been transported in interstate or foreign commerce.

As a consequence of the defendant's significant criminal history, he qualified as an Armed Career Criminal and faced a minimum sentence of fifteen (15) years, and as much as lifetime imprisonment.

On September 10, 2002, after considerable negotiation and as a concession to the defendant, he was permitted to enter a plea of guilty to a one count substitute information which charged him with knowing possession of a stolen firearm transported in interstate commerce in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The defendant and the Government agreed, pursuant to Rule 11(e)(1)(c) of the Fed. R. Crim. P., that a ten (10) year sentence was the appropriate disposition of the case. In addition, pursuant to the plea agreement, the defendant waived his right to appeal or collaterally attack the sentence. Specifically, the plea agreement stated:

> The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed

>120 months, even if the Court reaches a sentencing range permitting such a sentence by a Guideline analysis different from that specified above. The defendant expressly acknowledges that he is waiving his appellate rights knowingly and intelligently. The Government agrees that it will not appeal any sentence imposed within the guideline range set forth above.

Following the preparation and consideration of a presentence investigation report, the Court accepted the Rule 11(e)(1)(C) binding plea agreement and sentenced the defendant to 120 months' imprisonment.

**Discussion**

The defendant's Rule 60(b) motion should be rejected for at least four reasons: <u>First</u>, although styled as a motion pursuant to Rule 60(b), even a cursory reading of that Rule quickly establishes that defendant's motion is, in reality, a thinly veiled attempt to file a motion to vacate or modify the defendant's sentence pursuant to 28 U.S.C. § 2255, an action which is now procedurally barred because the statute of limitations has run. <u>Second</u>, whether or not this Court recharacterizes the defendant's motion as a § 2255 motion, the defendant waived his right to appeal or collaterally attack his sentence in a binding plea agreement. Therefore, the defendant has knowingly and voluntarily surrendered the right to bring a motion under either § 2255 or Rule 60(b). <u>Third</u>, even if this Court finds were to find defendant's motion is not time barred, and that defendant did not waive his right to collaterally attack the sentence to which he stipulated, it should nevertheless find that defendant's challenge is substantively without merit because the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), does not apply retroactively to cases that were final before the decision was issued. <u>Fourth</u> and finally, even if the court were to reach the merits of defendant's claim it would find no Constitutional error because here defendant admitted, stipulated, and agreed to the applicable Sentencing

Guidelines in a <u>binding</u> plea agreement.

### A. The Defendant's Rule 60(b) Motion Should be Denied As A Thinly Veiled Attempt to File a Motion to Vacate or Modify His Sentence Pursuant to 28 U.S.C. § 2255, an Action Which is Statutorily Barred

Rule 60(b) of the Federal Rules of Civil Procedure allows a court to relieve a party from a final judgment, but only in specific circumstances. <u>See</u> Fed. R. Civ. P. 60(b). A motion pursuant to Rule 60(b) is "addressed to the sound discretion of the district court and [is] generally granted only upon a showing of exceptional circumstances." <u>Mendell, on Behalf of Viacom, Inc. v. Gollust</u>, 909 F.2d 724, 731 (2d Cir. 1990). "Evidence in support of the motion to vacate a final judgment [must] be highly convincing." <u>Kotlicky v. United States Fidelity Guar. Co.</u>, 817 F.2d 6, 9 (2d Cir. 1987); <u>See</u> <u>United States v. Bank of New York</u>, 14 F.3d 756 (2d Cir. 1994); <u>Raposo v. United States</u>, 2005 WL 292750, at *2 (S.D.N.Y. 2005) (finding that the "highly convincing" evidence requirement also applies to *pro se* litigants). 12 Moore's Federal Practice, §60.48 [3][a} (Matthew Bender 3d edition). A Rule 60(b) motion is not a vehicle to re-argue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers, or as a substitute for appeal. <u>Matarese v. Lefevre</u>, 801 F.2d 98, 107 (2d Cir. 1996).

"A true Rule 60(b) motion must be predicated on one of five narrow and specific grounds or on a sixth ground which, despite its open wording, has been narrowly cabined by the precedent of this Court." <u>Harris v. United States</u>, 367 F.3d 74, 80 (2d Cir. 2004). Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time for a new trial under Rule 59(b);

4

(3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

It is not clear from defendant's submissions which subsections he purports to rely upon as grounds for his Rule 60(b) motion. This is so, no doubt, becasue defendant's motion is actually a disguised motion under 28 U.S.C. § 2255. The defendant is asking that the Court vacate, set aside, or correct his sentence, a motion that is correctly classified as a § 2255 motion rather than a motion under Rule 60(b). Federal courts at times ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. Castro v. United States, 540 U.S. 375, 381 (2003). See also United States v. Detrich, 940 F.2d 37, 38 (2d Cir. 1991). A court can do this "to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." Castro v. United States, 540 U.S. 375, 381-82.

Defendant's present motion is a thinly veiled attempt to file a motion to vacate or modify the defendant's sentence pursuant to 28 U.S.C. § 2255, an action which is now procedurally barred because its statute of limitations has run. "Until 1996, a federal prisoner was allowed to file an initial application challenging his sentence on federal grounds 'at any time.'" Mickens v. United States, 148 F.3d 145, 146 (2d Cir. 1998) (quoting 28 U.S.C. § 2255 (1994)). "Effective April 24, 1996, however, § 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), . . . imposed a one-year statute of limitations period on the filing of such

5

applications." Id. The limitation period runs:

> from the latest of - (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244, 2255. The defendant filed the present motion on August 26, 2005, well past the end of the limitations period. He gives no reason for this delay. In fact, he does not address the limitations period at all.

Therefore, the Court should interpret the defendant's motion as a motion to vacate or modify his sentence under 28 U.S.C. § 2255, should notify the defendant of its recharacterization of his motion, and should offer the defendant the opportunity to withdraw the motion rather than have it so recharacterized. Adams v. United States, 155 F.3d 582, 584 (1998). The Court is required to notify a *pro se* defendant prior to recharacterizing a motion as a motion to vacate under § 2255, and to provide the defendant with certain warnings as to the statute of limitations and must give the defendant an opportunity to withdraw the motion. Castro v. United States, 540 U.S. 375, 382 (2003). Because of the one-year statute of limitations on § 2255 motions, the defendant's petition is time barred and should be dismissed if it is not withdrawn.

**B. The Defendant Waived His Right to Appeal
or Collaterally Challenge His Sentence**

In this circuit, a defendant's waiver of the right either to directly appeal or collaterally attack a sentence within an agreed-upon Sentencing Guideline range generally is enforceable. See, e.g., Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (upholding

effectiveness of waiver of right to attack conviction pursuant to section 2255 petition, even if claim arose after the waiver was entered); United States v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999) (upholding effectiveness of waiver of right to appeal sentence).  Although appellate waivers are not absolute in scope, the circumstances under which courts will decline to enforce a waiver are limited. See United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) ("These exceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence."). These exceptions include situations:

> when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases, when the government breached a plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus.

Id. at 319 (citations and quotation marks omitted).

The Second Circuit has enforced waivers for petitioners who have waived their right to collaterally attack the sentence and then attempt to assert a § 2255 claim that ineffective assistance of counsel led to the imposition of an improper sentence. See, e.g., Frederick v. Warden, 308 F.3d 192, 194-95 (2d Cir. 2002) (citation omitted); United States v. Hernandez, 242 F.3d 110, 113-14 (2d Cir. 2001) (per curiam) (declining to enforce a waiver of appellate rights where defendant sought to challenge on appeal the constitutionality of the process by which the appeal rights were waived); Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (upholding effectiveness of waiver of right to attack conviction pursuant to § 2255 petition); United States v. Garcia, 166 F.3d 519, 521 (2d Cir. 1999) (upholding effectiveness of waiver of right to appeal sentence). The Court has commented that:

> [d]espite his effort to dress up his claim as a violation of the Sixth Amendment, defendant in reality is challenging the correctness of his sentence under the Sentencing Guidelines, and is therefore barred by the plain language of the waiver contained in his plea agreement with the government.

Garcia, 166 F.3d at 522 (quoting United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998)). See also United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997) (upholding waiver of appeal provision even when the defendant claims that the sentence is illegal under the Sentencing Guidelines).

The same rationale should apply in this case. In his binding plea agreement, the defendant agreed not to appeal or collaterally attack his sentence of imprisonment if it did not exceed 120 months. The Court sentenced the defendant to 120 months of incarceration. Thus, the waiver provision should be enforced. The defendant does not claim that the appellate waiver was not made knowingly, voluntarily, and competently. Nor does the defendant claim that the Government breached the plea agreement or that the Court failed to enunciate any rationale for the defendant's sentence. Petitioner simply fails to offer any reason why the waiver should not be enforced. If this waiver does not preclude him from litigating meritless claims, then the covenants not to appeal or collaterally attack his sentence become meaningless and would "cease to have value." See United States v. Yemitan, 70 F.3d 746, 748 (2d Cir. 1995). The court should enforce the defendant's agreement to forego a collateral attack on his sentence and should summarily dismiss the petition.

**C. Booker is Not Retroactive to Cases Which Were Final before January 12, 2005.**

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that defendants have a right to a jury trial on any disputed factual issue that increases the maximum

punishment. The principle adopted in Booker constitutes a "new constitutional rule of criminal procedure," which, under Teague v. Lane, 489 U.S. 288 (1989), is not retroactively applicable to cases (like the defendant's) that became final before the decision was announced. Although the Supreme Court did not address the retroactivity question in Booker, courts have subsequently concluded that Booker is not retroactive. See Guzman v. United States, 2005 WL 803214 (2d Cir. Apr. 8, 2005) (holding that Booker announced a new rule that is not retroactively applicable under Teague v. Lane, 489 U.S. 288 (1989)); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005) (denying petitioner's application to file a second or successive § 2255 petition based on Blakely and Booker because neither Blakely nor Booker established a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review). See McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005), See also Warren v. United States, 2005 WL 165385, at *9-10 (D. Conn. Jan. 25, 2005) (Thompson, J.) (holding that Booker does not "afford[] relief" to the petitioner on collateral attack).

Therefore, Booker cannot be applied retroactively to the defendant's case and his motion should therefore be dismissed.

### D. Assuming Arguendo *Booker* Was Applicable Defendant Would Nevertheless Not Be Entitled To Relief

Through plea negotiations, the defendant received a sentence that was substantially lower than the mandatory minimum 180-210 month sentence he would have faced had the Government not permitted the Defendant to plead guilty to a substitute information. Because the sentence the defendant received was not outside the Sentencing Guidelines, nor was it enhanced by the judge, but was based on "facts. . .admitted by the defendant," there is no Booker issue here. United

States v. Booker, 125 S. Ct. 738, 749. Therefore, even if the Court determines to reach the substance of the defendant's claims, it will find them to be without merit.

**Conclusion**

For all the foregoing reasons, defendant's petition under Rule 60(b), Fed. R. Civ. P., should be denied.

Respectfully Submitted,

Kevin J. O'Connor
United States Attorney


James I. Glasser
Assistant United States Attorney
United States Attorney's Office
157 Church Street
New Haven, Connecticut 06510
Tel: (203) 821-3700
Fax: (203) 773-5378


**CERTIFICATION**

I hereby certify that a copy of the Government's Response to Petitioner's "Rule 60(b) Motion Challenging Sentencing Procedures" was mailed on October 21, 2005 by U.S. first class mail, postage prepaid to the following party:

Ryan Sawyer
Pro-Se Litigant
Reg. No. 14626-014
USP - Lewisburg
P.O. Box 1000
Lewisburg, PA 17837


_____
James I. Glasser