UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Ryan SAWYER, | : | |
|     Petitioner | : | |
| | : | No. 3:02cr92 (PCD) |
| v. | : | |
| | : | |
| UNITED STATES of AMERICA, | : | |
|     Respondent | : | |

**RULING ON PETITIONER'S RULE 60(b) MOTION
CHALLENGING SENTENCING PROCEDURES**

The Petitioner, Ryan Sawyer, moves [Doc. No. 29] pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to have the Court resentence him under the United States Sentencing Guidelines in light of the United States Supreme Court's decisions in United States v. Booker, 543 U.S. ____, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005), and Blakely v. Washington, 542 U.S. ____, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004).  For the reasons that follow, Petitioner's motion is **denied**.

**I.    Background**

Familiarity with the history of this case is presumed.  Accordingly, only those facts relevant to the disposition of Petitioner's present motion are discussed.  On September 10, 2002, Petitioner pled guilty to a one count substitute information that charged him with knowing possession of a stolen firearm transported in interstate commerce in violation of 18 U.S.C. §§ 922(j) and 924(a)(2).

The plea agreement provided in relevant part:

> The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 120 months, even if the Court reaches a sentencing range permitting such a sentence by a Guideline analysis different from that specified above. The defendant expressly acknowledges that he is waiving his appellate rights knowingly and intelligently. The Government agrees that it will not appeal any sentence imposed within the guideline range set forth above.

The Court thereafter accepted the binding plea agreement and sentenced Defendant to 120 months' imprisonment.

## II.    Analysis

Petitioner asserts that the Court made factual findings proven by a preponderance of the evidence that enhanced his sentence and that those findings should have, as a result of the Booker and Blakely decisions, been made by a jury and proven beyond a reasonable doubt. The government objects on the grounds that: (1) Petitioner's motion, although styled as a motion under Rule 60(b), is actually a motion under 28 U.S.C. § 2255, under which his claim would be procedurally barred by the statute of limitations; (2) even if the Court considered Petitioner's Application as not barred by the statute of limitations, Petitioner waived his right to appeal or collaterally attach his sentence in a binding plea agreement; (3) Booker does not apply retroactively to cases that were final before the decision in Booker was issued; and (4) the sentencing did not violate Petitioner's constitutional rights because he admitted, stipulated, and agreed to the applicable Sentencing Guidelines in his binding plea agreement. The Court agrees

with the Government.

Rule 60(b) of the Federal Rules of Civil Procedure provide in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Petitioner does not argue that a particular subsection of Rule 60(b) applies to his case. The Government contends that Petitioner's motion is properly construed as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which would be barred by the statute of limitations. The Court, however, concludes that the provision most likely intended by Petitioner was subsection (6), a catchall provision. Although the Court agrees with the Government that a claim under 28 U.S.C. § 2255 would be barred by the statute of limitations, the Court is also persuaded that Petitioner has failed to satisfy the requirement of Rule 60(b)(6) to proffer "highly convincing evidence" or "a showing of exceptional circumstances," especially in light of the Second Circuit's narrow construction of Rule 60(b). See, e.g., Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004). In fact, Petitioner concedes that he entered into the "'binding' plea agreement" (Petitioner's Mot. at 1.) and "does not in any way, shape, or form enter a challenge to the merits of his conviction." (Petitioner's Mot. at 4.)

Petitioner's claim, therefore, is essentially a challenge under Booker which, as the

Government correctly indicates, is inapplicable to this case because <u>Booker</u> cannot be applied retroactively to cases such as Petitioner's that became final before the <u>Booker</u> decision was announced. <u>United States v. Booker</u>, 125 S. Ct. at 749. Finally, even if <u>Booker</u> was applicable retroactively, Petitioner would not be entitled to relief because this case does not present a <u>Booker</u> issue. More specifically, the sentence that he received was not outside the Sentencing Guidelines and was not enhanced by the Judge. Rather, the sentence the Court imposed was based on facts . . . admitted by the Defendant." <u>United States v. Booker</u>, 125 S. Ct. at 749.

### III. Conclusion

For the reasons stated above, Petitioner's motion is denied.

SO ORDERED.

Dated at New Haven, Connecticut, November  1 , 2005.

                                                    /s/
                                          Peter C. Dorsey
                                          United States District Judge